### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-03272

BREONNA SCOTT,

   Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

   Defendant.

## COMPLAINT

NOW COMES Plaintiff, BREONNA SCOTT, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, IQ DATA INTERNATIONAL, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. BREONNA SCOTT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. DIVERSIFIED CONSULTANTS, INC. ("DEFENDANT") a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 1992 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

8. DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. DEFENDANT is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. In 2015, Plaintiff obtained telecommunication services through Verizon Wireless ("Verizon").

11. As result of financial hardship, Plaintiff fell behind on payments, resulting in Verizon terminating Plaintiff's cellular telephone services with an approximate $2,000.00 balance.

12. Plaintiff's approximate $2,000.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Subsequently, Plaintiff obtained telecommunication services elsewhere; including cellular telephone number ending in 1549.

14. In or before October, 2018, Verizon enlisted Defendant to collect Plaintiff's approximate $2,000.00 balance.

15. Before long, Plaintiff fell victim to Defendant's relentless telephone harassment campaign as they sought to collect Plaintiff's approximate $2,000.00 balance.

16. On several occasions, Plaintiff answered. Each time Plaintiff experienced clear pause prior to being connected to Defendant.

17. On November 28, 2018, Plaintiff explained that she has financial hardship, that she can pay in February, 2019, before asking that Defendant stop calling.

18. On December 5, 2018, Plaintiff explained that she has financial hardship, that she can pay in February, 2019, before asking that Defendant stop calling.

19. Despite Plaintiff's November 28, 2018 and December 5, 2018 requests, Defendant proceeded to call Plaintiff on an almost daily basis.

20. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1549.

21. At all times relevant, Plaintiff's number ending in 1549 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

## DAMAGES

23. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

24. Defendant's telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of

privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

26. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

27. Defendant violated 15 U.S.C. §§ 1692d(5) by continuously calling Plaintiff despite Plaintiff's requests that Defendant stop calling.

28. Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

31. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with

any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)  any actual damage sustained by such person as a result of such failure;

(2)

    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.  an award of any actual damages sustained by Plaintiff;

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

32.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.  Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an

automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

34.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

35.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

36.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

37.     As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

38.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.  an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 1549 in the future;

C.  an award of statutory damages of at least $500.00 for each and every violation;

D.  an award of treble damages of up to $1,500.00 for each and every violation; and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 20, 2018                                    Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Breonna Scott*